

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 25, 1972

Honorable Tom Hanna
Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. M-1244

Re: Authority of Tax
Assessor-Collector to
issue redemption cert-
ificate to taxpayer
paying only delinquent
taxes, penalty and
interest, after dismissal
of tax suit against him
by Court for want of
prosecution.

Dear Mr. Hanna:

We quote from your recent opinion request as follows:

"We request an opinion from your office on the following question:

"1.  Is the County Tax Assessor-Collector authorized to issue a redemption cer- tificate where the taxpayer refuses to pay the court costs in a case that was dismissed for want of prosecution?

"The factual situation is as follows:

"A tax suit was instituted a few years back for the collection of real property taxes due the State and County.  Said tax suit was dismissed for want of prosecution by the District Court.  The taxes have been delinquent until the present time.  The taxpayer is now willing to pay the taxes, penalty and interest, but refuses to pay any of the court costs involved in said suit.  The Tax Assessor- Collector refuses to give a redemption certificate until all costs have been paid."

It is our opinion that the answer to your question turns upon whether the defendant taxpayer became liable for court costs under the circumstances outlined by you.

-6091-

The Rules of Civil Procedure and the statutes generally provide for the allowance of costs by the trial courts to the successful party, or otherwise as specifically provided or according to the discretion of the court. Rules 125, 131, 141, 149 and Articles 2072, 2072a, 2075 and 2076, Vernon's Civil Statutes. Specifically, Rule 141 provides that the court may, for good causes, to be stated on the record, adjudge the costs otherwise than as provided by law or the rules.

It is obvious that plaintiffs in a tax suit dismissed by the court for want of prosecution are not therein to be classed as successful parties. Absent a proper provision in such dismissal order taxing the costs of the suit against the defendant taxpayer according to the specific provisions of Rule 141, it is readily apparent that the costs never accrued against such defendant in view of Rules 125 and 127 to the effect that each party is liable to the officers of the court for the amount of costs incurred by each such party, but no more. As we understand your query, the defendant taxpayer incurred no costs in such suit on his own behalf.

Hence, under the foregoing fact situation, the County Tax Assessor-Collector has the duty to issue a redemption certificate to such taxpayer upon the payment by him of the delinquent taxes, penalty and interest. In this connection we refer you to the holding in Attorney General Opinion No. O-2938 (1941) to the general effect that the fees provided for the officers enumerated in Article 7332, Vernon's Civil Statutes, are not earned by such officers until the tax suit results in judgment for the taxing bodies.

### S U M M A R Y

Where tax suit against defendant was dismissed by court for want of prosecution, without adjudication of costs, taxpayer was entitled to redemption certificate upon his payment of delinquent taxes, penalty and interest.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Robert L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bill Craig
Milton Richardson
Bill Flanary
Lewis Jones

SAMUEL D. MC DANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant